IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PAUL BRADY SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CV677 |
| | ) | |
| FRANK PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. The filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

2. Petitioner does not state any understandable claim for relief in Section 12 of his Petition. His first claim is labeled "Double Jeopardy," but focuses on the fact that the judgment in his case has multiple case numbers, which would not, by itself, constitute double jeopardy. His second claim is for ineffective assistance, but contains no supporting facts, only legal jargon and conclusory statements. His third claim focuses on state court filing procedures, which would not ordinarily create any claim for federal habeas relief. His fourth claim is labeled as an equal protection claim, but again cites to state procedures and does not explain how his treatment differed from any similarly situated persons. In fact, to the extent it is decipherable at all, it appears to be more of a speedy trial claim. Finally, Petitioner's claims appear to be filed years out of time and he provides no valid explanation or excuse for this despite having the opportunity to do so in Section 18 of the Petition. Instead, he only repeats that various federal rights have been violated. Petitioner should be aware that this does not excuse a late filing.

Because of this pleading failure, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 14th day of August, 2014.

                                                 /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                      **United States Magistrate Judge**